■ In the Matter of THERESA JONES, Respondent, v TROY MITCHELL, Appellant.—Order, Family Court, New York County, entered February 15, 1977, adjudicating respondent-appellant as the father of the child the subject of this paternity proceeding, unanimously affirmed, without costs or disbursements. Order, Family Court, New York County, entered July 18, 1977, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of substituting a direction that respondent-appellant pay to petitioner-respondent for the support of the child the sum of $30 per week, reducing the award for counsel fees to $1,000, and otherwise affirmed, without costs or disbursements. We find the award of counsel fees and the support directed to be paid by the Family Court to be excessive to the extent indicated. The modification of the award also conforms to the applicable standard to be applied with respect to children born out of wedlock under section 513 of the Family Court Act, which limits the obligation of support, imposing liability upon each parent of a child born out of wedlock for the necessary support and education of the child. Concur—Murphy, P. J., Lupiano, Silverman, Evans and Fein, JJ.

■ ROY LINDBERG, Individually and on Behalf of Himself and All Other Stockholders of Home Reporter, Inc., Similarly Situated, Respondent, v HOME REPORTER, INC., et al., Defendants, and 8320 THIRD AVENUE CORPORATION et al., Appellants.—Order, Supreme Court, New York County, entered on or about June 28, 1978, which denied defendants' motion to stay this action, or in the alternative to stay depositions until completion of a similar suit in the Federal court, unanimously reversed, on the law and the facts and in the exercise of discretion, to grant the stay of the action, without costs and without disbursements. There is a derivative stockholders action pending in the United States District Court for the Southern District of New York before Pollack, J., involving all of the parties, except the defendant 8320 Third Avenue Corporation. It is scheduled for trial in the early part of the forthcoming year. Plaintiff moved in the Federal action to add 8320 Third Avenue Corporation as a defendant during the course of discovery, and the motion was denied on the ground of lack of diversity of citizenship, inasmuch as the plaintiff is a New York resident, and the proposed additional defendant is a New York corporation. The said 8320 Third Avenue Corp. covers the building and real estate where the publications, which are the basis for the action, are published. Plaintiff thereafter commenced a suit in the Supreme Court, New York County, against the real estate corporation, alleging substantially similar contentions as are pending in the Southern District. Pursuant to CPLR 2201 and 3211 (subd [a], par 4), and relying on the good faith of the parties to proceed expeditiously with the action in the Federal court, we hereby grant the motion to stay this action in order to avoid duplication of effort. By staying the action it becomes unnecessary to pass upon the alternative to stay depositions therein. Concur—Kupferman, J. P., Birns, Lane and Markewich, JJ.